IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JERMAINE ALEXANDER RAMSEY**                                            **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO.: 4:18CV178-RP**

**MANAGEMENT TRAINING & CORPORATION, ET AL.**            **DEFENDANTS**

## ORDER

Before the Court is Plaintiff Jermaine Alexander Ramsey's "Motion for Judgment as a Matter of Law." *See* Doc. #55. Defendants oppose the motion. *See* Docs. #61 & #62. This matter is ripe for review.

**I**
**Judgment as a Matter of Law ("JMOL")**

A motion for a judgment as a matter of law ("JMOL") is only appropriate where "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue[.]" Fed. R. Civ. P. 50(a). This case has not reached the trial stage; in fact, discovery is not even yet completed. Therefore, a JMOL is inappropriate.

**II**
**Summary Judgment Standard**

Out of an abundance of caution, the Court will also consider whether summary judgment should be granted to Ramsey pursuant to Federal Rule of Civil Procedure 56. Summary judgment is proper only when the pleadings and evidence, viewed in a light most favorable to the nonmoving party, illustrate that no genuine issue of material fact exists, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a),(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is deemed material "if its resolution in favor of one party might affect the outcome of the

lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (citation omitted).

"If the moving party will bear the burden of persuasion at trial, that party must support its motion with credible evidence that would entitle it to a directed verdict if not controverted at trial." *McKee v. CBF Corp.*, 299 F. App'x 426, 428 (5th Cir. 2008) (citing *Celotex Corp.*, 477 U.S. at 331).

### III
### Analysis

In his motion, Ramsey argues that he has raised legitimate claims that Defendants have violated his First, Fifth, Eighth, and Fourteenth Amendment rights. Doc. #55 at 1. However, Defendants refute Ramsey's claims, and Ramsey has not produced any evidence to demonstrate that he is entitled to relief on any claim raised in his amended complaint. Therefore, he has not discharged his burden under Federal Rule of Civil Procedure 56 and is not entitled to summary judgment. *See Davis v. Kyle*, No. CIV.A. 6:08CV79, 2009 WL 3674068, at *3 (E.D. Tex. Oct. 30, 2009) ("Plaintiff failed to support his motion for summary judgment with competent summary judgment evidence. As such, the Plaintiff is not entitled to summary judgment.").

### IV
### Conclusion

For the reasons set forth above, Ramsey is not entitled to a JMOL or summary judgment. Accordingly, the instant motion [55] is **DENIED**.

**SO ORDERED**, this 19th day of March, 2019.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE