IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JERMAINE ALEXANDER RAMSEY                                     PLAINTIFF

V.                                                CIVIL ACTION NO. 4:18-CV-00178-RP

MANAGEMENT TRAINING & CORPORATION, et al.             DEFENDANTS

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter comes before the court upon Plaintiff Jermaine Alexander Ramsey's motion for reconsideration of the court's October 15, 2019, memorandum opinion and order dismissing this action. For the foregoing reasons, the court finds that the instant motion should be denied.

On August 27, 2018, Ramsey filed a *pro se* prisoner complaint under 28 U.S.C. § 1983, alleging that Defendants had denied him appropriate medical care in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Doc. # 1. Following discovery, Defendants moved for summary judgment. Doc. #s 97, 99. On October 15, 2019, the court granted Defendants' motions. Doc. # 112, Within the opinion, the court found (1) that Ramsey had failed to establish personal involvement by the individually named defendants; (2) that the corporate defendants could not be held vicariously liable; and (3) that, in the alternative, Ramsey had failed to demonstrate that Defendants had acted with deliberate indifference. *Id.* On February 5, 2020, Ramsey moved for reconsideration of the court's opinion and order dismissing his claims.[1] Doc. # 120.

Under Rule 60(b) of the Federal Rules of Civil Procedure,[2] a court can relieve a party from an order for one of six reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence

---

[1] Ramsey styled his motion as a "motion for grounds for relief from a final judgment, and/or order, or proceeding under rule 60(b) Fed. R. Civ. P.."
[2] Rule 60(b) controls because Ramsey's motion was filed more than twenty-eight days after entry of the Court's order.

that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged it is based on an earlier judgment that has been reversed or vacated or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Rule 60(b)(1) "may be invoked for the correction of judicial error, but only to rectify an obvious error of law, apparent on the record." *Hill v. McDermott*, 827 F.2d 1040, 1043 (5th Cir. 1987).

Ramsey's motion is a single page which consists only of regurgitations of law and citations of authority. Beyond these citations and conclusory assertions of error, Ramsey offers absolutely no substantive argument as to why reconsideration is warranted. Accordingly, Ramsey's motion [120] is hereby **DENIED**.

**SO ORDERED**, this the 12th day of February, 2020.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE